UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ARTARIUS JETT,
   Plaintiff,

    vs.                           11-1091

LIEUTENANT PRENTICE, et.al.,
   Defendants

MERIT REVIEW ORDER

This cause is before the court for merit review of the plaintiff's complaint and case management. The Plaintiff has filed a motion to amend his complaint. The motion is granted. [d/e 7] Rule 15(a) of the Federal Rules of Civil Procedure clearly provides that a plaintiff "may amend his pleadings once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). The court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff claims that his constitutional rights were violated at Pontiac Correctional Center. In his amended complaint, the Plaintiff identifies seven Defendants including Warden Guy Pierce, Superintendent Michael Melvin, Lieutenant Suzanne Prentice, Clothing Room Supervisor Greg Bull, and three John or Jane Doe Defendants. The Plaintiff says the John Doe Defendants were responsible for reviewing the placement of inmates in segregation.

The Plaintiff says he was placed in disciplinary segregation on September 3, 2009 without receiving a disciplinary report or adjustment committee hearing. The Plaintiff says he remained in segregation for 89 days. The Plaintiff has provided copies of his grievances and the responses he received which help clarify what happened. The grievance counselor states that the Plaintiff was taken to segregation because he refused housing. However, no disciplinary report was ever written. The grievance counselor found that the proper procedures were not followed and recommended that the Plaintiff receive back pay for his time in segregation. The attachments to the Plaintiff's complaint indicate he received $30.26 for "time needlessly spent in temporary confinement." (Comp, p. 13). The Administrative Review Board also indicated that the Plaintiff had been reimbursed and no further action would be taken. (Comp., p. 14)

The Plaintiff further claims his winter boots were confiscated when he was taken to segregation. The Plaintiff was released from segregation during the winter months and asked for Defendants McNabb and Bull to return or replace his boots. The Plaintiff filed a grievance and was told boots were issued based on work assignment and the Plaintiff had no work assignment

1

which required boots. (Comp., p. 17) .

The Plaintiff says his stay in segregation violates his due process and equal protection rights. The Plaintiff has failed to clearly articulate a violation of his equal protection rights. "When a plaintiff brings an action under §1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Neal v. Fairman*, 1995 WL 649923 at 2(7th Cir. Nov. 2, 1995) *citing Zinermon v Burch*, 494 U.S. 113, 125 (1990). As a rule, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions ... constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Thomas v Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) *quoting Sandin v Conner*, 515 U.S. 472, 484 (1995).

The Plaintiff says he was subjected to an "atypical and significant hardship"during his time in segregation. (Comp., p. 7). The Plaintiff does not provide any factual support for this allegation, other than his later claim that he was not provided nutritional meals in segregation. Nonetheless, for the purposes of notice pleading, the court will find that the Plaintiff has articulated a violation of his Due Process rights against Defendants Pierce, Melvin and Prentice While the Plaintiff states the claim is against the Defendants in both their official and individual capacities, his complaint states claims against the Defendants in their individual capacities only.

The Plaintiff also alleges that Defendants Pierce, Melvin, Prentice and Bull violated his Eighth Amendment rights when he was denied a nutritional diet during his time in segregation, and was denied adequate seasonal clothing upon his release. Specifically, the Plaintiff says the food trays provided in segregation are smaller than the trays provided to the general population and therefore he went to bed hungry during his 89 day stay. Under the Eighth Amendment, prisoners are entitled to " nutritionally adequate food that is prepared and served under conditions that do not present an immediate danger to the health and well being of the inmates who consume it." *French v Owens*, 777 F2d 1250, 1255 (7th Cir. 1985). "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required." *Lunsford v Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). While the Plaintiff alleges smaller meals, he does not claim that he had resulting health problems or serious loss of weight. While the smaller portions may be relevant to his Due Process Claim, the Plaintiff has not adequately articulated a separate Eighth Amendment claim.

The Plaintiff also says the Defendants refused to provide him boots when he was released from segregation, and therefore he was denied daily out of cell exercise during the winter months. Based on the Plaintiff's grievance, it appears the Plaintiff's main claim is that he was denied boots during the winter months, rather than a claim involving the denial of outside exercise. Courts have held that the Eighth Amendment may be violated when prison officials provide inadequate clothing to inmates required to go outside in the winter, *Knop v. Johnson*, 977 F.2d 996, 1012-13 (6th Cir.1992) or when prison officials provide inmates with clothing that is "patently insufficient to protect [them] from the cold in the winter months." *Balla v Idaho St. Bd. of Corrections,*595 F. Supp. 1558, 1575 (D. Idaho 1984). "The circumstances, nature, and

duration of a deprivation ... must be considered in determining whether a constitutional violation has occurred," *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.2000). While the Plaintiff does not provide much detail to support his claim in his complaint, the court finds the Plaintiff has stated an Eighth Amendment violation for the purposes of notice pleading against Defendants Pierce, Melvin, Prentice and Bull. The claim is stated against the Defendants in their individual capacities.

The Plaintiff's final claim is that the Jane and John Doe Defendants violated his Due Process, Equal Protection and Eighth Amendment rights based on their failure to review his stay in segregation. The Plaintiff says as a result of their inaction, he unnecessarily remained in segregation for 89 days. The Plaintiff's stay in segregation alone does not state a violation of his constitutional rights. In addition, the Seventh Circuit Court of Appeals has noted that "an inmate's liberty interest in avoiding segregation [is] very limited or even nonexistent," and terms of segregated confinement of six months or less generally do not violate due process. *Marion v Columbia Corr. Inst*., 559 F.3d 693, 697 (7th Cir. 2009)(*collecting cases*); see also *Lekas v Briley*, 405 F.3d 602, 612 (7th Cir. 2005)(90 days in disciplinary segregation did not violate due process); *Hoskins v Lenear,* 395 F.3d 372, 374-75 (7th Cir. 2005)(60 days in disciplinary segregation did not violate due process); *Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997)(70 days in disciplinary segregation does not violate due process); *Crowder v. True*, 74 F.3d 813, 815 (7th Cir. 1996)(90 days in non-disciplinary segregation does not violate due process). The Plaintiff has failed to articulate a constitutional violation against these Defendants.

The Plaintiff has also filed a motion for appointment of counsel. [d/e 5]. The Plaintiff says he cannot afford to hire counsel on his own and believes he needs counsel to present his case. The Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993)."Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

The Plaintiff has provided evidence that he has made an attempt to find counsel on his own. However, based on the pleadings and the claims before this court, the court finds that the Plaintiff is competent to represent himself at this stage of the pleadings. The Plaintiff's pleadings are on point, and his amended complaint corrected fatal errors in his original complaint.

The Plaintiff may utilize any of the discovery methods prescribed in the Federal Rules of Civil Procedure, subject to the same terms and conditions as any other civil litigant. The Plaintiff may submit his written interrogatories for the Defendants to defense counsel. *See* Fed.R.Civ.P. 33. The Plaintiff may also submit requests for production of documents to defense counsel. *See* Fed.R.Civ.P. 34. If the Defendants do not properly respond to the Plaintiff's requests for relevant

information, he may then file a motion with the court to compel discovery. *See* Fed.R.Civ.P. 37. The motion is therefore denied. [d/e 5]

**IT IS THEREFORE ORDERED:**

**1) The Plaintiff's motion to amend his complaint is granted. [d/e 7] Pursuant to its merit review of the amended complaint under 28 U.S.C. Section 1915A, the court finds that the Plaintiff has alleged the following federal claims:**

> **a) Defendants Pierce, Melvin and Prentice violated the Plaintiff's due process rights based on an atypical and significant hardship during his stay in segregation.**

> **b) Defendants Pierce, Melvin, Prentice and Bull violated the Plaintiff's Eighth Amendment rights by failing to provide adequate clothing, boots, during the winter months.**

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The clerk of the court is therefore directed to dismiss the Jane and John Doe Defendants for failure to state a claim upon which relief can be granted.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**7) The Plaintiff's motion for a default judgment is denied. [d/e 8]. The Defendants have not yet been served in this case.**

**8) The Plaintiff's motion for appointment of counsel is denied. [d/e 5]**

Entered this 28th Day of July, 2011.

**s/James E. Shadid**

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE

.