E-FILED
Monday, 11 March, 2013 10:43:48 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ARTARIUS JETT,
Plaintiff,

vs. 11-1091

LIEUTENANT PRENTICE, et.al.,
Defendants

CASE MANAGEMENT AND SUMMARY JUDGMENT ORDER

This cause is before the court for consideration of the Plaintiff's motion for leave to file a second amended complaint [24], the Plaintiff's renewed motion for appointment of counsel [25] and the Defendants motion for summary judgment.[19]

I. BACKGROUND/MOTION TO AMEND

On July 28, 2011, the court conducted a merit review of the Plaintiff's amended complaint pursuant to 28 U.S.C. §1915A and found the Plaintiff had stated the following claims:

1) Defendants Warden Guy Pierce, Superintendent Michael Melvin and Lieutenant Suzanne Prentice violated the Plaintiff's due process rights based on an atypical and significant hardship during his stay in segregation; and,

2) Defendants, Pierce, Melvin, Prentice and Clothing Room Supervisor Greg Bull violated the Plaintiff's Eighth Amendment rights by failing to provide adequate clothing, boots, during the winter months. *See* July 28, 2011 Merit Review Order.

The Plaintiff has now filed a motion to amend his complaint. The decision to allow a plaintiff to amend his complaint at this late date is within the discretion of the court. *Kleinhaus v Lisle Savings Profit Sharing Trust,* 810 F.2d 618, 625 (7th Cir. 1987). "Leave to amend the pleadings may be denied for apparent or declared reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *J.D. Marshall Int'l, Inc. v Restart, Inc.,* 935 F.2d 815, 819 (7th Cir. 1991)*(citations omitted); see also Thompson v Boggs,* 33 F.3d 847, 853 (7th Cir. 1994).

The Plaintiff is attempting to restate a claim in his Second Amended Complaint which was previously dismissed. The Plaintiff again claims Defendants placed him in disciplinary segregation without any explanation or hearing in violation of his due process rights. In addition, the Plaintiff claims the Defendants conspired to violate his due process rights. As the

court has previously advised the Plaintiff, he has failed to articulate a procedural due process claims based merely on the length of his stay in segregation without a hearing. *See* July 28, 2011 Merit Review Order; *see also Crowder v. True*, 74 F.3d 813, 815 (7th Cir. 1996)(90 days in non-disciplinary segregation does not violate due process).

The Plaintiff has also failed to allege a conspiracy. To succeed on this claim, the Plaintiff must prove: (1) an express or implied agreement among Defendants to deprive the Plaintiff of his constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. *Scherer v Balkema*, 840 F.2d 437, 442 (7th Cir. 1988); *see also Fries v Helsper*, 146 F.3d 452, 457 (1988). However, a conspiracy is not an independent basis for liability under §1983. *Smith v Gomez*, 550 U.S. 613, 617 (7th Cir. 2008) In other words, "[s]ection 1983 does not punish conspiracy, conspiracy in this context is merely a legal mechanism for imposing liability on defendants who did not participate directly in the violation of civil rights." *Lewis v Washington*, 2006 WL 1152793 at 1 (7th Cir. April 28, 2006) *citations omitted*. The Plaintiff has failed to state a claim because the Defendants did not violate his due process rights, therefore they could not have engaged in a conspiracy to deprive him of his due process rights. The motion to amend is denied due to undue delay and futility. [24] The court notes if it allowed the motion to amend, the Plaintiff's case would be dismissed for failure to state a claim upon which relief could be granted. See 28 U.S.C. §1915A.

The Plaintiff's renewed motion for appointment of counsel is also denied for the reasons previously stated by the court. *See* July 28, 2011 Merit Review Order. Furthermore, the Plaintiff filed his motion approximately seven months after he filed a response to the pending dispositive motion. [d/e 21, 22] The Plaintiff's response, unlike many *pro se* litigants, provides responses to the statements of undisputed facts with citations and propounds additional statements of fact.

## II. FACTS

The Plaintiff says his stay in segregation subjected him to an atypical and significant hardship. [d/e 7]. In support of this claim, the Plaintiff alleged in his amended complaint he was denied a "wholesome and nutritional diet" during his 89 day stay in segregation from September 3, 2009 to November 30, 2009 and consequently went to bed hungry. [d/e 7, p.8]. In addition, the Plaintiff claimed the food trays in segregation were smaller than the trays served to the general population. [d/e 7, p 8].

However, during the discovery process, when the Plaintiff was repeated asked what evidence he had in support of his claims, the Plaintiff stated only that he stood by the allegations in his complaint. (Def. Mot; Resp. Inter. # 8, 9, Plain. Depo., p. 16, 22, 23-24, 39). When asked if he ever told anyone that he was not getting enough to eat, the Plaintiff again provided no evidence and stated only that he stood by the allegations in his complaint. (Def. Mot; Plain. Depo., p. 24, 31, 33, 36). The Plaintiff also provided no evidence of any physical injury or harm due to his claim of inadequate nutrition. (Def. Memo; Plain. Depo., p. 27-28).

The Plaintiff also alleges the Defendants failed to provide him boots during the winter months. The Plaintiff says he was required to go outside everyday for yard time, twice a week for use of the law library and every two weeks to go to the Commissary. (Def. Memo; Resp. Inter. #15). During discovery, the Plaintiff did not provide any evidence he was unable to participate in any activities due to the lack of boots nor that he suffered any physical injuries due to the lack of boots. (Def. Memo; Plain. Depo., p. 40). Instead, the Plaintiff again stated he stood only by the allegations in his complaint. In his complaint, the Plaintiff alleged he was unable to participate in yard exercise.

## III. LEGAL STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(B). If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists. *Id.; Harvey v. Town of Merrillville*, 649 F.3d 526, 529 (7th Cir. 2011). "In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forward with sufficient evidence to create genuine issues of material fact to avoid summary judgment." *McAllister v. Price,* 615 F.3d 877, 881 (7th Cir. 2010).

At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. *Id.*

## IV. ANALYSIS

### A. DUE PROCESS

The Defendants argue the Plaintiff has no evidence in support of his claim that his due process rights were violated during his 89 day stay in segregation. "When a plaintiff brings an action under §1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Neal v. Fairman*, 1995 WL 649923 at 2(7th Cir. Nov. 2, 1995) *citing Zinermon v Burch*, 494 U.S. 113, 125 (1990). As a rule, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions ... constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Thomas v Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) *quoting Sandin v Conner*, 515 U.S. 472, 484 (1995). The court must look at both the amount of time a plaintiff spent in segregation and the "the conditions endured by the prisoner during that period."*Marion v Columbia Corr. Inst*., 559 F.3d 693, 698 (7th Cir. 2009). However, "the right to litigate

disciplinary confinements has become vanishingly small." *Wagner v Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).

"The first prong of this two-part analysis focuses solely on the duration of the disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary." *Harris v Ryker,* 2013 WL 194431 at 3 (S.D.Ill. Jan. 17, 2013) *see also Lekas v Briley*, 405 F.3d 602, 612 (7th Cir. 2005)(90 days in disciplinary segregation did not violate due process); *Hoskins v Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005)(60 days in disciplinary segregation did not violate due process); *Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997)(70 days in disciplinary segregation does not violate due process); *Crowder v. True*, 74 F.3d 813, 815 (7th Cir. 1996)(90 days in non-disciplinary segregation does not violate due process). " The Seventh Circuit has noted in these types of cases, where a prisoner is subject to only a short duration in segregation, the Court has routinely 'affirmed dismissal without requiring a factual inquiry into the conditions of confinement." *Harris*, 2 2013 WL 194431 at 3 *quoting Marion*, 559 F.3d at 698. Therefore, the Plaintiff's 89 day stay does not qualify as an atypical and significant hardship.

However, even if the court moved to the second inquiry, the Plaintiff has not demonstrated the conditions of his confinement were "unusually harsh." *Marion v Columbia Corr. Inst*., 559 F.3d 693, 697-98 (7th Cir. 2009). In his complaint, the Plaintiff alleged the size of food trays he received was smaller and he was denied a wholesome and nutritional diet. (Amd. Comp., p. 8). In response to the summary judgment motion, the Plaintiff says the food served was primary soybean products and he went to bed hungry. In addition, he claims he was forced to spend money in inmate commissary to avoid eating soybeans every day. However, the Plaintiff has presented no evidence in support of his claims. He has no evidence the food was made of soybeans, no evidence he complained to the Defendants about the food and no evidence the food had any impact on his health. More importantly, the Plaintiff did not raise the issue of soybeans in his diet in his complaint or in response to discovery. *See Sistrunk v Khan*, 2013 WL 268682 at 10 (N.D. Ill. Jan. 24, 2013)("A plaintiff cannot advance new arguments in response to a motion for summary judgment when no such claims were raised prior to summary judgment.) The motion for summary judgment on the Plaintiff's due process claim is granted.

B. EIGHTH AMENDMENT

The Defendants also argue the Plaintiff cannot demonstrate the denial of boots in the winter months rose to the level of a Constitutional violation[1]. In a case involving conditions of confinement, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, the Plaintiff must demonstrate that the alleged deprivations was "sufficiently serious." *Wilson v Seiter*, 501 U.S. 294, 297 (1991). Only conditions involving the denial of the "minimal civilized measure of life's necessities" rise to the

[1]The court notes the Plaintiff chose not to pursue this claim in his proposed Second Amended Complaint.[24]

level of a constitutional violation. *Rhodes v Chapman*, 452 U.S. 337, 346 (1981). Second, the Plaintiff must show that the Defendant acted with deliberate indifference. *Farmer v Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v Fairman*, 120 F.3d 88, 91 (7th Cir. 1997) *citing Farmer*, 511 U.S. at 840-41.

Prisons are, in general, harsh and uncomfortable places. However, "[p]risoners have a right to protection from extreme cold." *Antonelli v Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996); *See also Hernandez v Battaglia*, 673 F.Supp. 673, 678 (N.D.Ill. 2009)("Inmates certainly have the right to be free from extreme hot and cold temperatures.") *See Gordon v Faber*, 973 F.2d 686 (8th Cir. 1992)(finding that forcing prisoners to remain outside in sub-freezing temperatures with only a jacket but no hat or gloves for between an hour and an hour and forty-five minutes could be found to violate the Eighth Amendment); *see also Knop v Johnson*, 977 F.2d 966, 1012 (6th Cir. 1992)(affirming the district courts decision that inmates exposed to harsh winter conditions without proper winter clothing may suffer from infliction of pain that are without penological justification in violation of the eighth amendment).

In this case, the Plaintiff's only contention is he was not allowed boots when he was outside in the winter. The Plaintiff says the "Marcia Brady" shoes he was given by prison officials were inadequate for winter and rain. (Plain. Res., p 6) The Plaintiff made no mention of rain in his complaint, nor in response to discovery. The Plaintiff says the prison changed its policy and now only allows boots for inmates on work assignments. The Plaintiff says the Defendants are trying to force inmates to buy boots in the commissary. (Plain. Resp., p. 9). Again, this was not a claim the Plaintiff made at any time prior to his response to the dispositive motion. *See Zeudker v A&W Restaurants, Inc*, 219 Fed. Appx. 495, 499 (7th Cir. 2007)(summary judgment "is too late in the day to be adding new claims.")

The Plaintiff has not demonstrated the denial of boots rises to the level of an Eighth Amendment violation. The only harm alleged in his complaint is an inability to participate in yard time. However, the Plaintiff has presented no evidence he was forced to participate in yard time, no evidence of extreme temperatures and no evidence of the number of days he missed yard time. The Plaintiff has presented no evidence, such as medical records, indicating he suffered any physical injury or harm due to the denial of boots. *See Mays v Springborn*, 575 F.3d 643, 648-49 (7th Cir. 2009)(summary judgment upheld when Plaintiff failed to show he was forced to be in cold for long period of time or that he suffered anything more than the ususal discomforts of winter.) The motion for summary judgment on the Plaintiff's Eighth Amendment claim is granted.

IT IS THEREFORE ORDERED:

1) The Plaintiff's motion for leave to file an amended complaint is denied for undue delay and futility. [24]. The Plaintiff's renewed motion for appointment of counsel is also denied. [25]

2) Defendants' motion for summary judgment is granted pursuant to Fed. R.Civ. P. 56 [19]. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. This case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.

3) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should identify the issues Plaintiff will present on appeal. See Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 11th day of March, 2013.

s/James E. Shadid

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE